IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CR-311-H

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> JERVIS RICKY DAVIS, ) <br> ) <br> Defendant. ) | **ORDER** |

This matter is before the court on defendant's motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure or, in the alternative, for a writ of error coram nobis.

A writ of error coram nobis is only available "to those petitioners who are no longer in custody pursuant to their convictions." United States v. Tate, 521 F. App'x 252, 252 (4th Cir. 2013) (unpublished), (citing Carlisle v. United States, 517 U.S. 426, 428-29 (1996)). As the defendant is currently in federal custody, he cannot obtain relief pursuant to this writ.

Furthermore, defendant is not entitled to relief pursuant to Rule 60 on any of the grounds raised in his motion. In summary, defendant argues that in calculating his guideline

range, the court enhanced his offense level by six levels, and that in light of both <u>Alleyne v. United States</u>, 133 S.Ct. 2151 (2013) and <u>Descamps v. United States</u>, 133 S.Ct. 2276 (2013), he should be resentenced. This arguments fails because plaintiff's offense level was not enhanced by six levels, as the four-point enhancement was removed at the time of the sentencing hearing in light of <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011) (en banc). Furthermore, as to the two-point enhancement, the case law defendant cites has no relation to the proper application of this enhancement.

For the foregoing reasons, defendant's motion is meritless and is DENIED.

This 7th day of July 2014.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26